UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **JEAN NEWLAND**, <br><br> Plaintiff, <br><br> v. <br><br> **FINANCIAL CREDIT SERVICE, INC.** <br> PO BOX 5002 <br> Villa Park, IL  60181 <br><br> Defendant. | Civil Action No.: 3:13-cv-2768 <br><br> JUDGE: <br><br> **COMPLAINT WITH JURY DEMAND** |

\* \* \*

## I. Jurisdiction

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, and 15 U.S.C. § 1692 k(d).

## II. Parties

2. Plaintiff Jean Newland ("Ms. Newland") is a natural person residing in Defiance County, Ohio.

3. Defendant Financial Credit Service, Inc. ("FCS") is a corporation organized under the laws of the state of Illinois.

4. The principal purpose of FCS is the collection of debts.

5. FCS regularly attempts to collect debts which FCS claims it acquired after default.

6. At all times relevant to this case, FCS was a "debt collector" as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6).

### III.  Factual Allegations

7. Sometime prior to 2008, Ms. Newland had a Chase brand credit card.  Later, FCS alleged that Ms. Newland owed money as a result of using the card ("the Alleged Debt").

8. The Alleged Debt was incurred for personal, family or household purposes.

9. On August 19, 2013, FCS telephoned Ms. Newland at her home in Defiance County, Ohio, in an attempt to collect the Alleged Debt.  Ms. Newland did not answer the call, and FCS left a message (the "Message").

10. The Message was the first communication Ms. Newland received from FCS about the Alleged Debt.

11. In the Message, FCS indicated that the caller was with "the legal department" of "ARA and Associates" and that the call was regarding a "claim that has been filed with our office that has your social attached."

12. On August 21, 2013, FCS telephoned Ms. Newland at her home in Defiance County, Ohio, in an attempt to collect the Alleged Debt.  Ms. Newland answered this call (the "Conversation").

13. During the Conversation, the caller told Ms. Newland that there was a judgment against her for the Alleged Debt.

14. During the Conversation, the caller identified FCS as "ARA and Associates."

15. On August 22, 2013, Ms. Newland sent a fax to FCS in which she disputed the Alleged Debt, refused to pay it, and demanded that FCS send proof of the Alleged Debt to her by mail.

16. FCS failed to send Ms. Newland a written notice, within 5 days of August 19, 2013, containing the amount of the Alleged Debt; the name of the creditor; a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

17. On September 16, 2013, Ms. Newland received a letter via mail from FCS, dated September 12, 2013 (the "Letter").

18. The Letter was an attempt to collect the Alleged Debt.

19. The Letter was sent by FCS, but identified the sender as "ARA Inc." at the top.

20. The Letter was the first written communication FCS sent to Ms. Newland.

21. The Letter did not contain any verification of the Alleged Debt and did not contain any copy of a judgment.

22. There was never a judgment against Ms. Newland for the Alleged Debt, in favor of FCS or any other party.

23. Neither "ARA Inc." nor "ARA and Associates" was at any relevant time the true name of FCS.

24. As a result of the actions of FCS, Ms. Newland has suffered actual damages, including but not limited to stress, frustration, aggravation, and wasted time.

### IV. First Claim for Relief –Violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

25. Plaintiff incorporates by reference all of the above allegations.

26. The actions of FCS were false, misleading, deceptive, and unfair, and violated the FDCPA, including but not limited to, the following subsections: 1692c(c), 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, 1692g, g(a), and 1692g(b).

27. As a result of the above violations of the FDCPA by FCS, Plaintiff suffered actual damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

    A)    Actual and statutory damages pursuant to 15 U.S.C. § 1692k, as determined by the trier of fact.

    B)    Court costs and a reasonable attorney's fee pursuant to the FDCPA.

    C)    For such other and further relief as may be just and proper.

**JURY DEMAND**

Plaintiff respectfully demands a trial by jury of the maximum number to hear and determine the issues of the above-captioned case.

Date: <u>December 16, 2013</u>

By:
 /s/ Gregory S. Reichenbach
Gregory S. Reichenbach
P.O. Box 256
Bluffton, OH 45817
(419) 529-8300
FAX: (419) 529-8310
Greg@ReichenbachLaw.com
Ohio Bar No. 0077876
Attorney for Plaintiff